UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHY DUNN,

        Plaintiff,

vs.                                         Case No. 8:10-cv-1626-T-24-TGW

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

        Defendant.
_____

## **O R D E R**

This cause comes before the Court for consideration of Plaintiff Kathy Dunn's memorandum in response to the Court's December 2, 2010 order, as well as her renewed Motion for Default Judgment against Defendant The Prudential Life Insurance Company of America ("Prudential" or "Defendant"), pursuant to Rule 55 of the Federal Rules of Civil Procedure and Rule 1.07 of the Local Rules of the Middle District of Florida.  (Doc. No. 16.)

**I.**       **Plaintiff's Complaint against Defendant**

On July 23, 2010, Plaintiff Dunn filed a Complaint against Defendant Prudential for relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Plaintiff alleges that she was a participant in an employee benefit plan that was sponsored by her employer, and insured by Defendant.  She made a claim for long term disability benefits under the plan.  Defendant determined that she was disabled and paid her benefits until April 30, 2008. Defendant refused, however, to pay benefits after May 1, 2008.

Plaintiff alleges that she is entitled to long term disability benefits under the plan from May 1, 2008, though the date of filing this action, which amounts to a total of $18,312.84, plus

pre-judgment interest. She contends that she is entitled to these benefits because they are permitted under the plan, because she satisfied all conditions to be eligible to receive the benefits, and because she has not waived or otherwise relinquished her entitlement to these benefits. Furthermore, she seeks an award of attorneys' fees and costs and certain other equitable relief as explained below.

## II. Plaintiff's Service of Process on Defendant

Plaintiff served Defendant by serving the Chief Financial Officer of the State of Florida, as Defendant's agent, under Florida Statute Sections 48.151, 624.422, and 624.423. The Notice of Service of Process reflects that the CFO of Florida received the service of process on August 19, 2010, and forwarded a copy of the process "by Electronic Delivery" to the designated agent for Defendant on August 23, 2010. An email address for Defendant's designated agent, to which the CFO emailed the process, is listed with Defendant's physical address on the Notice of Service of Process. (Doc. No. 6.) Defendant's designated agent is identified on the Notice of Service of Process as Donna Moch, of CT Corporation System, and her email address is listed as CLS-SOPPLATeam@wolkerskluwer.com.

Florida Statute Section 624.423 provides that, upon receiving service from the plaintiff, "the [CFO] shall . . . forward one copy of the process *by registered or certified mail* to the person last designated by the insurer to receive the same." Fla. Stat. § 624.423(1) (emphasis added). Therefore, on December 2, 2010, the Court directed Plaintiff to explain why service of process, by serving the CFO who then forwarded the service by electronic delivery, was proper in this case. (Doc. No. 13.)

Plaintiff filed a memorandum on January 5, 2011, in which she explains that Florida

Statute Section 624.307(8) permits the CFO to forward the process "by any other verifiable means," including by electronic delivery. That statute provides the following:

> Upon receiving service of legal process issued in any civil action or proceeding in this state against any regulated person required to appoint the Chief Financial Officer as its attorney to receive service of all legal process, the Chief Financial Officer, as attorney, may in lieu of sending the process by registered or certified mail, send the process *by any other verifiable means* to the person last designated by the regulated person to receive the process.

Fla. Stat. § 624.307(8) (emphasis added).

Plaintiff provided an affidavit from Pam Edenfield, Service of Process Manager of Florida's Department of Financial Services, who verified the service of process in this case. Attached to Ms. Edenfield's affidavit is a Service of Process Consent & Agreement Form executed by the President or CEO of Prudential, which permits service of process on the CFO of the State of Florida as the agent for Prudential. (Doc. No. 16, Ex. A.) According to that form, the person designed to receive process that had been delivered to the CFO on behalf of Prudential previously was Ann Boutillier of CT Corporation System. (Doc. No. 16, Ex. A.) In December of 2004, Donna Moch of CT Corporation System succeeded Ann Boutillier, which is evidenced in a letter approved by both individuals and attached as an exhibit to Ms. Edenfield's affidavit. (Doc. No. 16, Ex. B.) Donna Moch requested the email notifications for service be sent to the email address CLS-SOFFPLATeam@wolterskluwer.com. (Doc. No. 16, Ex. C.) Ms. Edenfield avers that Donna Moch is familiar with the electronic service system used by her department, which is known as I-SERVE, and that she uses and accepts electronic service for multiple suits to multiple insurers, including Prudential, on a daily basis.

On August 23, 2010, Ms. Edenfield's department sent an email to Ms. Moch's designated email address that included 59 Service of Process Packets for various entities, as well as a

Service of Process Packing Slip that included the service of process for this action against Prudential. (Doc. No. 16, Ex. E.) According to Ms. Edenfield, these files were transferred electronically through the I-SERVE system from the department's server to CT Corporation Service's server on August 23, 2010 at 7:13 a.m. The I-SERVE system automatically verifies and advises the parties of the success or failure of the transfer of files. The I-SERVE system sent an email to Donna Moch (using the CLS-SOPPLATeam@wolterskluwer.com address), to Ms. Edenfield, and to other department employees, at 7:14 a.m., advising all parties of the successful transfer and service of the various lawsuits listed on the Service of Process Packing Slip. (Doc. No. 16, Ex. F.)

The Court has reviewed the Notice of Service of Process, the affidavit of Ms. Edenfield, and the attached exhibits. These records verify that process was properly forwarded by the CFO by electronic means to the designated agent for Prudential on August 23, 2010. Florida Statute Section 624.307(8) permits the CFO to forward process "by any other verifiable means," including in this manner. Accordingly, the Court concludes that service of process on Defendant was complete on August 23, 2010.

To date, Defendant has failed to respond to the complaint in any manner. On October 12, 2010, the Clerk entered default against Defendant. (Doc. No. 28.) Plaintiff now moves for default judgment.

## III.     Plaintiff's Motion for Default Judgment

Plaintiff moves for a total of $25,052.56 in damages. She contends that Defendant owes her the sum of $18,312.84 for the period of May 1, 2008 through July 23, 2010 (the date this action was filed), which represents a monthly disability benefit of $1,006.20. She also seeks to

recover pre-judgment interest at 6% per annum on each payment, which totals $6,739.72. Plaintiff has provided her own affidavit in which she sets forth the interest computed at the proper legal rate. To date, Defendant still has not responded to the complaint. Accordingly, Plaintiff's allegations are deemed admitted, and she is entitled to recover these damages.

Plaintiff also seeks to recover equitable relief, including the following: (1) "a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits;" (2) a remand of Plaintiff's claim to Defendant "for further action to address continuing benefits that may be owed after July 23, 2010;" and (3) an order that Defendant must "advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through July 23, 2010 for purposes of coordinating or reinstating any ancillary benefits . . . which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan."

Plaintiff, however, has not provided the Court with any argument or legal authority to grant such declaratory or equitable relief under ERISA. And, even if some form of equitable relief is available under ERISA, Plaintiff has not made any allegations in her Complaint that would justify her requests, nor has Plaintiff explained why the relief she requests is necessary. The Court is not persuaded that Plaintiff should be excused from filing a new application for benefits earned after July 23, 2010. Therefore, Plaintiff's motion as to her request for equitable relief is denied without prejudice.

Finally, Plaintiff requests that the Court retain jurisdiction to award reasonable attorney's fees and costs incurred in this action. Plaintiff, however, has not provided sufficient information

5

regarding the fees and costs she has incurred. Accordingly, the Court shall retain jurisdiction for three months, or until April 1, 2010, to award attorneys' fees and costs. Plaintiff must file a separate motion, including billing records and the rates charged, if she wishes to recover fees and costs.

**IV.** **Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion for Default Judgment (Doc. No. 11) is **GRANTED IN PART, and DENIED IN PART**.

(2) The Clerk is directed to enter judgment in favor of Plaintiff Kathy Dunn, and against Defendant The Prudential Insurance Company of America, for damages totaling $25,052.56.

(3) The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of January, 2011.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record