UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHY DUNN,

       Plaintiff,

vs.                                                  Case No. 8:10-cv-1626-T-24-TGW

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

       Defendant.
_____

**O R D E R**

This cause comes before the Court for consideration of Defendant The Prudential Insurance Company of America's ("Prudential") Motion to Vacate Default Judgment and to Set Aside the Entry of Default. (Doc. No. 21.) Plaintiff Kathy Dunn filed a response in opposition to the motion, as well as a clarification of her response. (Doc. Nos. 17, 23.)

**I.    Background**

On July 23, 2010, Plaintiff Dunn filed a Complaint against Defendant Prudential for relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Dunn alleged that she was a participant in an employee benefit plan that was sponsored by her employer, and insured by Prudential. She alleged that she made a claim for long term disability benefits under the plan, but that Prudential improperly refused to pay benefits after May 1, 2008. Dunn sought to recover long term disability benefits under the plan from May 1, 2008, through the date of filing this action, which amounted to a total of $18,312.84, plus pre-judgment interest, an award of attorneys' fees and costs, and certain other equitable relief.

The parties do not dispute that Dunn properly served Prudential on August 23, 2010.

When Prudential did not file any response to the Complaint, Dunn moved for default, and the Clerk entered default on October 12, 2010. (Doc. No. 28.) Dunn moved for final default judgment against Prudential, and the Court granted that motion in part on January 7, 2011. (Doc. No. 17.) On January 10, 2011, the Clerk entered a final default judgment in favor of Dunn and against Prudential for $25,052.56. (Doc. No. 18.)

Prudential now moves to set aside the entry of default and to vacate the default judgment entered against it.

## II. Standard of Review

Federal Rule of Civil Procedure 55(c) permits the court to set aside a default judgment under Rule 60(b). Rule 60(b) provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). To establish mistake, inadvertence, or excusable neglect sufficient to set aside a default judgment, the defaulting party must establish: (1) that it had a meritorious defense; (2) that the plaintiff would not be prejudiced if the judgment was set aside; and (3) that the defaulting party had a "good reason" for failing to respond to the complaint. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Id.*

## III. Discussion

Prudential moves the Court to vacate the default judgment under Rule 60(b). Prudential explains the circumstances regarding its receipt of, and response to, the complaint in this way: Prudential contends that it serves as a third-party administrator of certain aspects of the disability

plan at issue, and thus, it is not the real party in interest. Rather, according to Prudential, Dunn's former employer, Times Publishing Company ("Times Publishing"), is contractually responsible for any benefit claims, and is also required to defend and indemnify Prudential if it is sued for benefits.

Prudential claims that, once it was served with the summons and complaint, it timely tendered the defense of this matter to Times Publishing, that Times Publishing agreed in writing to undertake the defense of Prudential, and that, for unknown reasons, Times Publishing failed to do what it promised. Prudential contends that it was unaware of the default judgment until Dunn's counsel faxed a copy of the Court's order to Prudential on February 22, 2011.

Thus, Prudential argues that the default judgment should be vacated for four reasons: (1) because it has a meritorious defense that might have affected the outcome of the case; (2) because vacating the default judgment would not prejudice Dunn; (3) because a good reason existed for the failure to respond timely to the complaint; and (4) because a default would not serve the interests of justice.

### A. Whether Prudential Has a Meritorious Defense

Prudential argues that, according to the Administrative Services Agreement it has with Times Publishing, it is only responsible for administering claims, and Times Publishing is required to defend and indemnify Prudential if it is sued for benefits. Thus, Prudential contends that it is not the real party in interest, and that, absent the default, it would not be liable to pay Dunn's benefits, even if the Court determined that benefits were payable to her.

Furthermore, Prudential contends that a money judgment–such as the one entered by the Court here–is not the proper remedy for a meritorious claim under ERISA. Prudential contends

3

that the Court is permitted only to enter an equitable order requiring Prudential to approve the claim for benefits, and that Times Publishing would be required to fund the benefit payment in the ordinary course of performing its agreement with Prudential.  As such, Prudential argues, it has a clear defense to Dunn's claim for an award of money damages.

Additionally, Prudential contends that there is strong evidence to support its denial of Dunn's claims for benefits.  Prudential points to medical records from Dunn's treating physicians which reveal that she is disabled, but which fail to identify any functional impairments.  Given these facts, Prudential contends, Dunn cannot show that the denial of her claim was arbitrary or capricious.

This case is not in the proper procedural posture for the Court to make a determination of the merits of these defenses asserted by Prudential.  The Court, however, concludes that Prudential at least has stated defenses that would, if proven, affect the outcome of this case.

### B.    Whether Dunn Would Be Prejudiced by Vacating the Default Judgment

Next, Prudential contends that vacating the default judgment would not prejudice Dunn because she would be in no worse position than if a timely answer had been filed.  Prudential contends that Dunn was not prejudiced by the delay in obtaining a judgment in this case.  This is evident, Prudential contends, because she made a strategic choice to delay sending Prudential a copy of the default judgment until well after the time for appealing the default judgment had passed.  Prudential notes that the Court entered its ordering granting the motion for default judgment on January 7, 2011, but Dunn waited until February 22, 2011 to fax and mail copies of the default judgment to Prudential's counsel.  Prudential contends that Dunn should not now be heard to complain of any delay caused by the default.

Although the prejudice to Dunn in this case is not great, the Court concludes that there would be at least some prejudice to Dunn if the default was to be set aside. Dunn filed suit on July 23, 2010, and properly served Prudential the following month, on August 23, 2010. A default judgment was entered against Prudential on January 10, 2011. If the Court vacated the default judgment and permitted Prudential to defend this suit, Dunn would be required to begin prosecuting claims against Prudential seven months after she properly served Prudential, and after she obtained a final judgment. "The court is aware of the strong interest in resolving disputes on their merits, not by a strict policy of allowing default judgments. However, there is an equally compelling interest in the finality of litigation for the parties and society, whose scarce resources are depleted by endless litigation." *United States on behalf of Tarmac Fla., Inc. v. Employers Ins. of Wausau*, 706 F. Supp. 40, 42 (S.D. Fla. 1989). On the other hand, it appears that Dunn strategically delayed forwarding a copy of the default judgment to Prudential for six weeks. Therefore, the Court concludes that, because the prejudice to Dunn is small, this factor slightly weighs in favor of Dunn.

    **C.    Whether Prudential Had "Good Reason" for Failure to Respond Timely to the Complaint**

Prudential contends that it had a good reason for failing to respond to the complaint. Prudential contends that it received a copy of the complaint by electronic delivery on August 23, 2010. One week later, on August 30, 2010, Prudential's Senior Account Manager with responsibility for the Times Publishing account contacted by email the Risk Coordinator for Times Publishing. In this email, Prudential's Senior Account Manager provided a copy of the complaint, referenced Times Publishing's contractual obligation to defend Prudential in claims for benefits, and tendered the defense of this case to Times Publishing. The Risk Coordinator for

5

Times Publishing responded in an email later that same day, indicating that Times Publishing would undertake the defense. A copy of this correspondence is attached to Prudential's motion.

Prudential contends that it did not become aware that Times Publishing had failed to defend the suit until February 22, 2011, when Dunn's counsel faxed a copy of the Court's order and the default judgment to Prudential. Prudential states that, "[b]etween the service of the lawsuit and Plaintiff's counsel's February 22 letter, Prudential received no communications from either Plaintiff or Times Publishing about this matter." Prudential further states that it is investigating the cause of Times Publishing's failure to defend this matter.

The Court concludes that Prudential has failed to demonstrate a "good reason" for failing to respond to the complaint. Once Prudential was served with the summons and complaint, Prudential timely forwarded a copy of the complaint, tendered the defense of the case to Times Publishing, and obtained a written confirmation that Times Publishing would undertake the defense. From here, however, Prudential took no further action. The Court acknowledges that "ordinarily a simple error or an attorney's slight mistake should not be grounds for preventing Defendant from defending this case on the merits, nor should Defendant have to suffer because his attorney makes such a mistake." *Transmontaigne Prod. Servs., Inc. v. McCombs Enters., LLC*, 2009 U.S. Dist. LEXIS 36753, at * 4 (N.D. Fla. Apr. 20, 2009). However, in this case, Prudential "fail[ed] in [its] duty to monitor the progress of the case." *Id.* (citing *SEC v. Simmons*, 241 Fed. Appx. 660, 663-64 (11th Cir. 2007); *Fla. Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 784 (11th Cir. 1993); *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986). Prudential did nothing to ensure that Times Publishing did what it promised to do.

Furthermore, Prudential has not stated that it had any procedural safeguards in place to ensure that Times Publishing would fulfill its contractual obligation to respond on Prudential's behalf. The Eleventh Circuit has consistently held that "failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect." *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987); *see Sloss Indus. Corp.*, 488 F.3d at 935-36 (listing cases). The Eleventh Circuit "ha[s] extended this principle to situations where a defendant, knowing that an action has been filed against him, fails to act diligently in ensuring that his attorney is adequately protecting his interests." *Sloss Indus. Corp.*, 488 F.3d at 936. Dunn sued Prudential–not Times Publishing. It was Prudential's sole responsibility to ensure that a timely response to the complaint was filed.

In conclusion, the Court finds that Prudential has not met its burden of demonstrating excusable neglect sufficient for relief under Rule 60(b)(1). Although Prudential has put forth meritorious defenses, the Court's determination under Rule 60(b)(1) "is an equitable one that necessarily involves consideration of all three elements–a meritorious defense, prejudice, and a good reason for not responding to the complaint." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003). "The excusable neglect determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (citing *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)). Taking into consideration all of the relevant circumstances, the Court concludes that Prudential's failure to monitor the progress of the case and ensure that Times Publishing responded on its behalf was not excusable.

      **D.**     **Whether There Is Good Cause to Set Aside the Entry of Default**

Finally, Prudential contends that, even if the Court finds Rule 60(b)(1) inapplicable, it should exercise its broad discretion to grant relief under Rule 60(b)(6), which permits the Court to grant relief for "any other reason." Prudential contends that the default was the result of an understandable mistake, and that a default would not serve the interests of justice.

The Court disagrees. The mistake made by Prudential is not "understandable," as Prudential has not stated that it had any procedural safeguards in place to ensure that Times Publishing would fulfill its contractual obligation to respond on Prudential's behalf. Vacating the default would not serve the interests of justice, but rather, would hinder "the interest of efficient judicial administration." *Cheney*, 71 F.3d at 850.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Prudential's Motion to Vacate Default Judgment and to Set Aside the Entry of Default (Doc. No. 21) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of April, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

8